UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SAMUEL A. BURNETTE,

                Plaintiff,

v.                                                                                     Case No. 24-cv-887-pp

ELIZABETH TEGELS, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 13)**

On October 22, 2024, the court screened plaintiff Samuel A. Burnette's *pro se* complaint asserting violations of state and federal law, determined that it did not state a claim for relief and dismissed it without providing an opportunity to amend his complaint. Dkt. No. 11. The court explained that the plaintiff's "factual allegations about his lost mail are thorough and exhaustive," and the court was "certain that allowing him to provide more information about these events would not change the court's conclusion that the issues of which he complains do not state a constitutional claim." Id. at 11–12.

On November 12, 2024, the court received the plaintiff's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Dkt. No. 13. Under that rule, a party may ask the court to alter or amend a judgment within twenty-eight days of entry of the judgment if he can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006)

(citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001), and Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Relief under Rule 59(e) is an 'extraordinary remed[y] reserved for the exceptional case.'" Vesey v. Envoy Air, Inc., 999 F.3d 456, 463 (7th Cir. 2021) (quoting Gonzalez-Koeneke v. West, 791 F.3d 801, 807 (7th Cir. 2015)).

It is helpful to provide a quick background for the plaintiff's arguments in his motion to alter or amend. On April 19, 2024, the plaintiff brought a complaint in this court related to events that occurred years ago in California. Case No. 24-cv-469-pp, Dkt. No. 1. On April 23, 2024, the court ordered the plaintiff to pay an $18.63 initial partial filing fee to proceed in the case. Id., Dkt. No. 5. The plaintiff never paid the fee, so on June 12, 2024, this court dismissed the case. Id., Dkt. No. 9. About two weeks later, the plaintiff refiled his complaint as a new lawsuit. Case No. 24-cv-816-pp, Dkt. No. 1. On August 21, 2024, this court reviewed the complaint and transferred it to the district court for the Eastern District of California, where it concluded venue was proper and where the case "initially could have been brought." Id., Dkt. No. 9 at 11. The plaintiff then filed this case, alleging that staff at Jackson Correctional Institution misplaced or lost the court order directing him to pay the $18.63 filing fee,

which violated his rights under federal and state law. Case No. 24-cv-887-pp, Dkt. No. 1.

The plaintiff first takes issue with the court's conclusion that the order he did not receive from this court is not legal mail. Dkt. No. 13 at 1. He says the court wrongly relied on "*May v. Cooper* 22-CV-1180 to reason that [the plaintiff] used Text Behind a third party vendor to process mail." Id. He says that Jackson does not use Text Behind and construes "[a]ll mail from the County, State or Federal Clerk of Courts" as legal mail. Id. He cites cases from the Sixth Circuit Court of Appeals holding that "legal mail is entitled to a heightened level of protection." Id. He asserts that this heightened protection should have applied "to the issues addressed in his complaint." Id.

The plaintiff is mistaken about the court's previous decision. The court did cite Mays (not May), but it did not cite that decision to conclude that the plaintiff had used Text Behind to send or receive mail at his institution. The court did not discuss or mention Text Behind at all and did not assume that Jackson used or did not use that service for incarcerated persons' mail. The court cited Mays for the proposition that, in *this* circuit, "[m]ail from the Clerk of Court or from this court is not considered legal mail for purposes of a First Amendment challenge." Dkt. No. 11 at 6 (citing Mays v. Cooper, Case No. 22-CV-1180, 2024 WL 4056657, at *2 n.1 (E.D. Wis. Sept. 5, 2024); Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010); and Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)). The court explained that those cases demonstrate that "the plaintiff's missing notice from this court was not legal

3
Case 2:24-cv-00887-PP    Filed 09/23/25    Page 3 of 9    Document 14

mail and was not 'entitled to greater protections.'" Id. (quoting Kaufman v. McCaughtry, 419 F.3d 678, 685–86 (7th Cir. 2005)). The plaintiff may disagree with the court's conclusion, but his cases from another circuit are not binding on this court and do not show that the court committed a manifest error of law by relying on Seventh Circuit law *that is binding* on this court.

The plaintiff next argues that he was prejudiced by Jackson mishandling or losing his mail because it "created an inability for [the plaintiff] to meet his court deadline to pay the partial filing fee, which resulted in the case being dismissed." Dkt. No. 13 at 1–2. He says he refiled his dismissed complaint rather than telling the court about his missing mail in case 24-cv-469 "in the interest of saving time," and he "had no interest in arguing procedural issues concerning lost mail." Id. at 2. The plaintiff says that if he filed a motion about his misplaced or lost mail from the court, "he would have missed a California state deadlines [*sic*] that would have caused his state claims to be ignored." Id. He notes that California procedural rules are different than those in Wisconsin, and he would have missed deadlines under California state law if he "filed the Rule 59(e) motion as the Court recommended." Id.

The plaintiff's argument does not make sense. The court explained in the previous order that when the plaintiff learned that the court had dismissed case 24-cv-469, "he could have sent a letter or motion to this court explaining the situation and asking to pay the initial partial filing fee and reopen his case instead of refiling it." Dkt. No. 11 at 8. The plaintiff says he could not have taken that route because it would have taken too much time, and he would have

missed deadlines in California related to his state law claims in 24-cv-469. But the plaintiff does not explain how filing a new lawsuit, waiting for a court order about his initial partial filing fee, paying that fee and waiting for a court decision on his resubmitted complaint took *less time* than it would have taken to file a letter or motion in 24-cv-469 about his lost mail. Even if the plaintiff explained why his decision to refile his lawsuit was more time-efficient, the plaintiff did not know that his case would be litigated in the Eastern District of California until August 21, 2024, when the court transferred case 24-cv-816 to the Eastern District of California—four months after he filed the complaint in case 24-cv-469. That the plaintiff twice brought the same lawsuit about his California claims in the Eastern District of Wisconsin suggests he was not concerned about (or aware of) California filing deadlines in April 2024 when he filed case 24-cv-469 or June 2024 when he refiled his complaint in case 24-cv-816. Putting aside whether the plaintiff *should have known* that Eastern California was the proper venue for his lawsuit, there is no merit to his claim that he would have risked missing a filing deadline by sending a letter or motion in case 24-cv-469 but did not risk missing that deadline by taking the more time-consuming approach of filing a new lawsuit and awaiting a court decision.[1]

    Finally, the plaintiff claims that he suffered actual injury by having to pay the filing fees in cases 24-cv-469 and 24-cv-816. Dkt. No. 13 at 2. He surmises that this court transferred 24-cv-816 to the Eastern District of California

---

[1] The court notes that the plaintiff does not say whether he missed the California filing deadlines by choosing this more time-consuming option.

because "the District Judge felt that there had to be some merit to the issues presented in the complaint." Id. He says that he "believes that it was the intention of the Court to ensure that case 24-cv-816-pp was litigated further." Id. He reiterates that Jackson staff mishandled his mail but says he "has never missed a deadline or failed to request extensions when necessary." Id. He says his "track record" shows the defendants' "actions were reckless or at least negligent." Id. The plaintiff asserts that "[w]hen case 24-cv-469 was dismissed there was no way to know all the merits of the case because it had yet to pass the screening process." Id. at 2. He says that the court should have allowed this case to proceed to discovery, where "other facts would have been presented." Id. at 3. He asks the court to amend the judgment, allow the complaint to proceed "and remove the strike so that [he] can continue to litigate without prepaying the filing fee if he needs to." Id.

None of these contentions demonstrate that the court committed a manifest error of law or fact. The court did not conclude in the screening order that the plaintiff failed to show that he suffered an injury from his lost mail. To the contrary, the court noted that his "allegations sufficiently state that he suffered an injury." Dkt. No. 11 at 7. But that injury was of the plaintiff's own making. As the court noted in the screening order, the plaintiff could have avoided a second $350 filing fee by notifying the court that he had not received the order directing him to pay the initial partial filing fee in 24-cv-469, paying the initial fee and asking the court to reopen the case. Id. at 8. But the plaintiff did not tell the court about his missing mail from 24-cv-469 until he filed this

lawsuit. He instead filed 24-cv-816, for which he incurred a second $350 filing fee. That was *his* decision, he did not allege that anyone forced him to file the new lawsuit instead of telling the court what had happened in 24-cv-469 and he does not now claim that the court was mistaken about those facts. Nothing in the plaintiff's complaint or his motion to alter or amend the judgment suggests that any defendant was responsible for the plaintiff's decision to incur a second $350 filing fee rather than telling the court about his mail in case 24-cv-469. See id. at 9–10.

The plaintiff also is incorrect about the court's intent in transferring 24-cv-816 to the Eastern District of California. The court stated in the order transferring that case that the court "expresses no opinion on whether the complaint or amended complaint state a plausible claim for relief." Case No. 24-cv-816-pp, Dkt. No. 9 at 11. The court declined to discuss the merits of the plaintiff's complaint or determine whether it had any merits because the court lacked jurisdiction to do so. Id. at 7 (quoting Hoeller v. Vill. of Barrington, 619 F. App'x 534, 535 (7th Cir. 2015)) ("Personal jurisdiction is a threshold matter because 'without personal jurisdiction, the court *cannot proceed to the merits*.'" (emphasis added)). Whether the allegations in 24-cv-816 had any merit was for the Eastern District of California to determine after transfer of the case to that court. Id. at 9 ("That court may decide the plaintiff's pending motion to proceed without prepaying the filing fee and screen the complaint or amended complaint.").

7

Case 2:24-cv-00887-PP    Filed 09/23/25    Page 7 of 9    Document 14

The court concluded in the screening order that the plaintiff's allegations did not state a federal claim because they involved a single piece of misdelivered non-legal mail, did not show that any defendant intentionally or maliciously lost or destroyed the plaintiff's mail and did not demonstrate that he suffered prejudice from his lost mail. Dkt. No. 11 at 7–10. The plaintiff asserts that the court should have allowed him to proceed to discovery to uncover "other facts" supporting his allegations. But it is the plaintiff's responsibility to provide sufficient factual allegations in his complaint to state a plausible claim for relief before he can proceed to discovery. See id. at 2–3 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court explained in the screening order why the plaintiff's complaint failed to satisfy this standard, and his motion to alter or amend the judgment does not show that any of the court's conclusions were contrary to law or fact. He instead misinterprets the court's previous orders, raises meritless and irrelevant challenges about his current and previous lawsuits and challenges the court's legal conclusions. The proper avenue for the plaintiff to raise his challenges relevant to this case is an appeal, not a motion to alter or amend the judgment. See Burney v. Thorn Americas, Inc., 970 F. Supp. 668, 671 (E.D. Wis. 1997) (citing Caisse Nationale De Credit Agricole v. CBI Indus. Inc., 90 F.3d 1264, 1270 (7th Cir. 1996)).

The court **DENIES** the plaintiff's motion to alter or amend the judgment. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 23rd day of September, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**