UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SAMUEL A. BURNETTE,

      Plaintiff,

v.               Case No. 24-cv-887-pp
                Appeal No. 25-3111

CASEY JENSEN, *et al.*,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ON APPEAL WITHOUT PREPAYING APPELLATE FILING FEE (DKT. NO. 18)**

  On October 22, 2024, the court dismissed this case for failure to state a claim. Dkt. Nos. 11, 12 On September 23, 2025, the court denied the plaintiff's motion to alter or amend the judgment. Dkt. No. 14. On November 20, 2025, the plaintiff filed a notice of appeal of the court's dismissal and the denial of his motion. Dkt. No. 17. On the same day, the plaintiff filed a motion for leave to appeal without prepaying the appellate filing fee. Dkt. No. 18. Four days later, the clerk's office sent a letter to the plaintiff, telling him that within twenty-one days (by December 15, 2025) he must submit his institutional trust account statement for the past six months. Dkt. No. 23. The plaintiff did not submit his trust account statement by the deadline and on December 23, 2025, the court extended his time to submit it, ordering that he must do so by January 13, 2026. Dkt. No. 24. On January 9, 2026, the court received a letter from the plaintiff stating that he was confused about what he needed to file for his appeal. Dkt. No. 25. On January 16, 2026, the court issued an order

1

reiterating that if the plaintiff wanted to proceed without prepaying the appellate filing fee, he "must file a certified copy of his trust account statement covering the time period from May 20, 2025 through November 19, 2025, with the Clerk of Court for the Eastern District of Wisconsin[.]" Dkt. No. 26. The court again extended the time for the plaintiff to submit the statement, giving him until February 6, 2026, and said that if he did not file the statement by the deadline, the court would deny his motion for leave to proceed without prepaying the appellate filing fee. Id. The court sent its orders to the plaintiff at Jackson Correctional Institution, where the Department of Corrections Offender Locator indicates he has been confined since October of 2021. The court has no reason to believe that the plaintiff did not receive the orders.

The February 6, 2026 deadline has passed and the plaintiff has not submitted his trust account statement. As it said it would do in its previous orders, the court will deny the plaintiff's motion for leave to proceed without prepaying the appellate fee. See Dkt. Nos. 24, 26; see also 28 U.S.C. §1915(a)(2) ("A prisoner seeking to . . . appeal a judgment . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the . . . notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.").

The plaintiff incurred the filing fee by filing the notice of appeal. Newlin v. Helman, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d

2

1025 (7th Cir. 2000). The fact that this court is denying the plaintiff's request to proceed without prepaying the appellate filing fee means that the full filing fee of $605 is due within fourteen days of this order. Id.; Seventh Circuit Rule 3(b). Failure to pay the filing fee in full within the time limit may result in the court of appeals dismissing the appeal. Newlin, 123 F.3d at 434.

The court **DENIES** the plaintiff's motion for leave to proceed on appeal without prepaying the filing fee. Dkt. No. 18.

The court **ORDERS** that by the end of the day on **March 3, 2026**, the plaintiff must forward to the Clerk of Court for the Eastern District of Wisconsin the full appellate filing fee of **$605**. The payment must be clearly identified by the case name and number assigned to this action. If the plaintiff does not pay the $605 appellate filing fee by the end of the day on March 3, 2026, the Court of Appeals may dismiss his appeal.

The court will forward a copy of this order to the Warden at Jackson Correctional Institution, where the plaintiff is confined and will provide a copy to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated in Milwaukee, Wisconsin this 17th day of February, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**